UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 24-32275-CLH |
| | Chapter 13 |
| JUSTIN TREVON ALEXANDER, | |
| Debtor. | |

## MEMORANDUM OPINION AND ORDER GRANTING PETITION TO APPOINT GUARDIAN AD LITEM

On December 4, 2024, this matter came before the Court on the Petition to Appoint Guardian Ad Litem (the "Petition") [Doc. No. 8].[1] Upon consideration of the pleadings of record, the testimony of Jasmine Alexander ("Ms. Alexander"), the representations and arguments of counsel for Justin Trevon Alexander (the "Debtor") and counsel for the Chapter 13 Trustee, and for the reasons below, the Petition is GRANTED.

### I. Jurisdiction

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered by the United States District Court for the Middle District of Alabama on April 25, 1985. Venue is proper pursuant to 28 U.S.C. § 1408. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### II. Background and Procedural History

On October 9, 2024 (the "Petition Date"), Ms. Alexander filed the instant bankruptcy case "by and as next friend for" her brother, the Debtor. The schedules reflect the Debtor's one-third ownership interest in real property located at 4132 Piedmont Drive, Montgomery, Alabama 36108 (the "Residence"). Ms. Alexander also owns a one-third interest in the Residence, as does a third

---

[1] "Doc. No." refers to the docket number for a filing in the instant bankruptcy case, Case Number 23-31424.

sibling, Joshua Alexander. The Debtor currently resides in the Residence. Aside from the Residence, the Debtor's schedules reflect ownership of two vehicles with a combined value of $7,375.00; furnishings, household items, electronics, and clothing with a combined value of $1,250.00; and a checking account with a $20.00 balance.

At the hearing, Ms. Alexander testified that the Debtor suffers from disabling mental health issues, severe enough that the Debtor began receiving Supplemental Security Income ("SSI") benefits from the Social Security Administration when he was around ten years old. Counsel for the Debtor clarified that the Debtor has been diagnosed with attention-deficit/hyperactivity disorder, bipolar disorder, and schizophrenia. Counsel for the Chapter 13 Trustee noted for the record that at the first setting of the meeting of creditors, the Debtor was unable to communicate effectively regarding his financial affairs. Pending the Court's ruling on the Petition, the meeting of creditors was continued to determine whether Ms. Alexander could testify at the meeting of creditors on the Debtor's behalf, or, in the alternative, whether the meeting of creditors should be conducted by interrogatories.

The Debtor's mother previously cared for the Debtor, but she has passed away. After the mother passed away, the grandmother served as the Debtor's primary caregiver, and Ms. Alexander assisted. The Debtor's grandmother subsequently suffered from a stroke and could not continue caring for the Debtor or managing his financial affairs. Ms. Alexander has now taken over as the Debtor's primary caregiver. Without limitation, she pays the Debtor's bills, purchases groceries, cooks, cleans, and handles the Debtor's medications. Ms. Alexander receives no compensation for providing this care.

In providing care to the Debtor and taking over the management of the Debtor's finances, Ms. Alexander discovered that payments to a creditor holding a claim secured by a mortgage on

the Residence had become delinquent, putting the Residence at risk of foreclosure. She filed the instant bankruptcy case as the Debtor's next friend primarily to prevent the foreclosure and bring the mortgage loan current.

### III. Legal Analysis and Conclusions of Law

**A. The Court has authority to determine whether the Debtor is incompetent and to appoint Ms. Alexander as guardian ad litem.**

Rule 1004.1 of the Federal Rules of Bankruptcy Procedure provides that if an infant or incompetent person has a representative, such as a "general guardian, committee, conservator, or similar fiduciary," that this "representative may file a voluntary petition on behalf of the infant or incompetent person." FED. R. BANKR. P. 1004.1(a). It also provides that if the infant or incompetent person does not have a duly appointed representative, the petition may be filed by a "next friend or guardian ad litem." FED. R. BANKR. P. 1004.1(b)(1). Finally, Rule 1004.1(b)(2) provides that "the court must appoint a guardian ad litem or issue any other order needed to protect the interests of the infant debtor or incompetent debtor." FED. R. BANKR. P. 1004.1(b)(2). Under this rule, the Court has the authority to determine whether the Debtor is incompetent, and, if so, to appoint Ms. Alexander as the Debtor's guardian ad litem to administer the Debtor's bankruptcy case. *See In re Maes*, 616 B.R. 784, 797 (Bankr. D. Colo. 2020).

**B. The Debtor is "incompetent" for purposes of FED. R. BANKR. P. 1004.1.**

Because the Bankruptcy Code and Bankruptcy Rules fail to define "incompetent," the Court looks to applicable state law for guidance. *See In re Rivas*, 656 B.R. 898, 901 (Bankr. E.D. Mo. 2023); *In re Brown*, 645 B.R. 524, 528 (Bankr. D.S.C. 2022); *In re Maes*, 616 B.R. at 797. The Alabama statute associated with appointing guardians for infants and incompetents defines an "incapacitated person" as:

> Any person who is impaired by reason of mental illness, mental deficiency, physical illness or disability, physical or mental

> infirmities accompanying advanced age, chronic use of drugs, chronic intoxication, or other cause (except minority) to the extent of lacking sufficient understanding or capacity to make or communicate responsible decisions.

ALA. CODE § 26-2A-20(8).

Ms. Alexander's testimony, combined with the representations of counsel for the Debtor and counsel for the Chapter 13 Trustee, establish the Debtor's incompetency solely for purposes of Rule 1004.1. The Social Security Administration determined that the Debtor suffered from mental illness severe enough for him to qualify for SSI benefits. Ms. Alexander credibly testified that the Debtor lacks sufficient understanding or capacity to make or communicate responsible decisions, such that the Debtor has required care from his mother, his grandmother, and now Ms. Alexander. The finding of incompetency under Rule 1004.1 is bolstered by the observation of counsel for the Chapter 13 Trustee that the Debtor was unable to communicate effectively at his meeting of creditors. Accordingly, the Court finds that the Debtor meets the definition of an incapacitated person under Alabama law, at least to the extent that it is necessary to conclude that the Debtor is incompetent for purposes of Rule 1004.1.

**C. Ms. Alexander filed the petition as the Debtor's "next friend" and is qualified to serve as guardian ad litem in the Debtor's bankruptcy case.**

The term "next friend" includes someone having an interest in the welfare of an incompetent person that has a cause of action. *Maes*, 616 B.R. at 799. In a different, but analogous, context, the United States Supreme Court established qualifications for a "next friend":

> First, a "next friend" must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status . . .

- 4 -

Case 24-32275   Doc 18   Filed 12/05/24   Entered 12/05/24 17:31:50   Desc Main
Document   Page 4 of 7

*Id.* at 800 (quoting *Whitmore v. Arkansas*, 499 U.S. 149, 163-64 (1990)).

Through her testimony, Ms. Alexander has provided an adequate explanation for why the Debtor cannot prosecute his bankruptcy case on his own behalf. The Debtor's inability to communicate effectively at his meeting of creditors further reinforces this conclusion. The Court finds that – based on Ms. Alexander's testimony about her previous supporting role in caring for the Debtor and her current role as the Debtor's primary caregiver – Ms. Alexander is truly dedicated to the Debtor's best interests. Finally, as the Debtor's sister and co-owner of the Residence, Ms. Alexander has a significant relationship with the Debtor. Accordingly, the Court concludes that Ms. Alexander qualifies as the Debtor's "next friend" and that she properly filed the Debtor's bankruptcy case in this capacity for purposes of Rule 1004.1.

Having found that Ms. Alexander properly filed the Debtor's bankruptcy case as the Debtor's "next friend," the Court also finds it appropriate to appoint Ms. Alexander as the Debtor's guardian ad litem pursuant to Rule 1004.1. *See Maes*, 616 B.R. at 801. As noted above, the Debtor is incompetent for purposes of Rule 1004.1 in that he lacks sufficient understanding or capacity to make or communicate responsible decisions; has received SSI due to his disability; and has required care from his mother, his grandmother, and now Ms. Alexander. Also, as noted above, Ms. Alexander has a significant relationship with the Debtor and has established through her actions to date that she is willing and able to care for the Debtor and act in his best interests in this bankruptcy case. As a result, the Court concludes that it is appropriate to appoint Ms. Alexander as the Debtor's guardian ad litem under Rule 1004.1 for the limited purpose of serving in a fiduciary capacity to prosecute and administer the bankruptcy case on behalf of the Debtor.[2] As

---

[2] The appointment does not extend to other matters such as medical decision-making. If Ms. Alexander seeks to expand her authority beyond the prosecution of the Debtor's bankruptcy case, she must obtain such appointment and such authority under state law and in state court. *See Maes*, 616 B.R. at 802.

- 5 -

the Debtor's fiduciary, Ms. Alexander must act in good faith and for the Debtor's benefit, with the care, competence and diligence ordinarily exercised by agents in similar circumstances. *Maes*, 616 B.R. at 802.

## IV. CONCLUSION

For the foregoing reasons, it is hereby:

ORDERED that the Petition is GRANTED, and Ms. Alexander is appointed guardian ad litem for the Debtor under Rule 1004.1 solely to prosecute and administer the Debtor's bankruptcy case; and it is further

ORDERED that Ms. Alexander may, on behalf of the Debtor, retain and instruct legal counsel for the Debtor; and it is further

ORDERED that Ms. Alexander may file and prosecute any Chapter 13 plan or modification thereto; and it is further

ORDERED that Ms. Alexander may file, prosecute, or defend any pleading, motion, objection, or response; and it is further

ORDERED that Ms. Alexander may seek conversion or dismissal of the Debtor's bankruptcy case; and it is further

ORDERED that Ms. Alexander may make payments under any Chapter 13 plan; and it is further

ORDERED that Ms. Alexander may request the entry of discharge; and it is further

ORDERED that Ms. Alexander may take any other action on behalf of the Debtor in this bankruptcy case; and it is further

ORDERED that Ms. Alexander shall not be entitled to compensation for her role as guardian ad litem for the Debtor, unless otherwise permitted by order of the Court; and it is further

ORDERED that the Debtor shall have the right to request termination of Ms. Alexander's limited guardian ad litem role if the Debtor establishes that he is no longer incompetent and is able to prosecute and administer his own bankruptcy case, provided however, that Ms. Alexander's limited guardian ad litem role shall terminate only upon Court order, including an order dismissing this case.

Done this 5th day of December, 2024.

Christopher L. Hawkins
United States Bankruptcy Judge

c:  Stephen L. Klimjack, Attorney for the Debtor
    Sabrina L. McKinney, Chapter 13 Trustee
    All Creditors